13-2500-cv
Mandavia v. Columbia Univ.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
                RAYMOND J. LOHIER, JR.,
                SUSAN L. CARNEY,
                *Circuit Judges.*

-----------------------------------------------------------------

CHIRAG H. MANDAVIA,

                *Plaintiff-Appellant*,

                v.                         No. 13-2500-cv

COLUMBIA UNIVERSITY, 1199 SEIU UNITED HEALTHCARE EAST,

                *Defendants-Appellees*,

DAVID H. FIGURSKI, JIANYUAN HUA,

ANGEL TIBBS FILSAIME,

*Defendants.*

-------------------------------------------------------------------

FOR APPELLANT:             Chirag H. Mandavia, *pro se*,
                           Germantown, TN.

FOR APPELLEE COLUMBIA
UNIVERSITY:                Susan Deegan Friedfel, Proskauer Rose
                           LLP, New York, NY.

FOR APPELLEE 1199 SEIU
UNITED HEALTHCARE EAST:    Richard Lee Dorn, Levy Ratner, P.C.,
                           New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Chirag Mandavia, proceeding pro se, appeals from the District Court's grant of summary judgment in favor of his former employer, Columbia University, on his various employment discrimination claims. Mandavia argues principally that the District Court erred in concluding that he knowingly and voluntarily signed a valid release waiving all claims against Columbia. We construe Mandavia's argument as also challenging the District Court's earlier dismissal of his claims against 1199 SEIU United Healthcare East, his former union, under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the grant of a motion to dismiss or of summary judgment de novo. See Aegis Ins. Servs., Inc. v. 7 World Trade Co., 737 F.3d 166, 176 (2d Cir. 2013). For substantially the reasons articulated in the District Court's June 3, 2013 Memorandum and Order granting summary judgment in Columbia's favor, we agree that there is no genuine dispute that Mandavia knowingly and voluntarily signed a release waiving his discrimination claims against Columbia. See Mandavia v. Columbia Univ., No. 12 Civ. 2188, 2013 WL 2391695, at *6–*11 (S.D.N.Y. June 3, 2013). Mandavia asserts that the District Court's previous denial of Columbia's motion to dismiss his discrimination claims based on the release conflicts with its later grant of summary judgment. But motions to dismiss and motions for summary judgment require different analyses. The District Court was not prevented "from granting summary judgment based on [undisputed] evidence after denying a motion to dismiss based only on the plaintiff's allegations" taken as true. Maraschiello v. City of Buffalo Police Dep't, 709 F.3d 87, 97 (2d Cir. 2013). Accordingly, we affirm the District Court's grant of summary judgment.

We also affirm the dismissal of Mandavia's claims against his former union for substantially the reasons set forth in the District Court's December 12, 2012 Memorandum and Order. See Mandavia v. Columbia Univ., 912 F. Supp. 2d 119, 133–35 (S.D.N.Y. 2012).

We have considered Mandavia's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court